The Honorable Sandra Prater State Representative 9202 Sayles Road Jacksonville, AR 72076-8899
Dear Representative Prater:
I am writing in response to your request for an opinion on the following question regarding Act 1188 of 2003, which amended A.C.A. § 16-17-129 to include counties among those authorized to levy an additional municipal court (now district court) fine for prisoner expense:[1]
 Can Pulaski County pass an ordinance enforcing the collection of the $5.00 fee for all cities? If not, then do all cities or municipalities have to separately pass an ordinance?
RESPONSE
Although it is not entirely clear from the wording of these questions, I assume you are asking whether Pulaski County may pass an ordinance under Act 1188 to levy and collect the $5.00 fine in all of the district courts in the county.[2] It is my opinion that the answer to this question is "yes."
Act 1188 of 2003 amended A.C.A. § 16-17-129 to provide in relevant part as follows regarding the additional fine that may be levied to help defray the cost of incarcerating prisoners:
 (a)(1) In addition to all fines now or as may hereafter be provided by law, each city of the first class, city of the second class, incorporated town, and county in this state may levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the municipal court or city court of the city, town, or county.
 (2) The additional court fine authorized by this section shall be levied by ordinance of the governing body of the municipality or county wherein the municipal court or city court is located.
Counties were formerly not included in the statute. Compare A.C.A. §16-17-129 (Repl. 1999). Act 1188 was thus enacted for the purpose of including the counties among the governmental entities that may levy and collect the additional $5.00 fine for misdemeanor and traffic violations in district court. Additionally, when read as a whole, the act reflects a clear purpose of authorizing each county to levy the fine. In my opinion, this likely resolves a potential ambiguity that arises under the amended § 16-17-129(a)(1) regarding the county's authority to levy and collect the fine "from each defendant . . . in the [district] court. . . of the . . . county." (Emphasis added). This terminology is somewhat unclear, and I assume it is the basis for your questions. It might be contended based on this language that Act 1188 only applies to a district court that is denominated as a "county district court" (such as the Pulaski County District Court; see A.C.A. § 16-17-108(jjjj), as amended by Act 1475 of 2003). According to my review, however, there are only ten or so such courts. See A.C.A. § 16-17-108 (Supp. 2001) (the district court salary act); Acts 2003, No. 1475. I cannot conclude that the legislature intended to so limit the act given the plain language authorizing "each county" to levy the fine. Additionally, to the extent an ambiguity exists, reference to the emergency clause is justified. Seegenerally Heath v. Westark Poultry Processing Corp., 259 Ark. 141,531 S.W.2d 953 (1976). The emergency clause confirms the intent for the act to apply to all of the counties. It states:
 It is found and determined . . . that for over six (6) months the Arkansas Department of Correction has failed to pay county governments millions of dollars for state prisoners backlogged into the county jails; that counties are in desperate need of additional revenues to maintain criminal detention facilities; that without additional revenues, the county criminal detention facilities will begin to release dangerous prisoners from custody and threaten the public safety; and that unless this act goes into effect immediately those additional revenues will not be available to the county governments.
Acts 2003, No. 1188, § 2.
The intent for the act to have state-wide application seems clear. I thus conclude that each county may levy the additional fine under A.C.A. §16-17-129, and that it is to be collected from each defendant in district court. See A.C.A. § 16-17-129(a)(1), supra. As for those counties with more than one district court, I believe it is clear that this authority extends to each district court in the county. As amended, §16-17-129(a)(2) states in relevant part that the additional fine "shall be levied by ordinance of the county wherein the [district] court . . .is located." (Emphasis added). With regard to your particular question, therefore, Pulaski County may levy the additional fine which is to be collected from each defendant in the district courts located in the county.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Arkansas Constitution Amendment 80 established "district courts" effective July, 2001; and Act 1693 of 2001 (A.C.A. § 16-17-132 (Supp. 2001)) changed the name of "municipal courts" to "district courts." Seealso Act 1185 of 2003 (making technical corrections for the implementation of Amendment 80).
[2] Because Pulaski County has a regional detention facility, the revenues generated from such an ordinance are to be used exclusively for that facility. See A.C.A. § 16-17-129(c) (added by Act 1188 of 2003).